J-S51039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                   :             PENNSYLVANIA
                                   :
               v.                    :
                                   :
                                   :
MATTHEW W. SWANGER,          :
                                   :
          Appellant         :        No. 117 MDA 2019

Appeal from the PCRA Order Entered December 20, 2018
in the Court of Common Pleas of Union County
Criminal Division at No(s):  CP-60-CR-0000058-2015

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:         **FILED DECEMBER 12, 2019**

Matthew W. Swanger ("Swanger") appeals from the Order denying his

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]

We affirm.

In a prior appeal, this Court set forth the underlying history of this case

as follows:

> On April 13, 2015, the Commonwealth, through the Pennsylvania
> Office of the Attorney General, filed an [I]nformation charging
> [Swanger] with five counts of sexual abuse of children, and one
> count of criminal use of a communication facility.  On October 14,
> 2015, the Commonwealth filed a [M]otion to amend the criminal
> [I]nformation to add five counts of child pornography to the
> charges.  On October 26, 2015, the trial court granted the
> [M]otion and the Commonwealth filed the amended [I]nformation
> on October 27, 2015.  On December 15, 2015, the first day of
> trial, [Swanger] filed a [M]otion to quash the amended
> [I]information.  In relevant part, [Swanger] maintained that,
> because Pennsylvania Attorney General Kathleen Kane was

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

suspended from the practice of law on September 21, 2015, her prior appointment of Deputy Attorney General Lawrence Cherba to sign [I]nformations rendered [Swanger's] amended [I]nformation invalid. (*See* Appellant's Motion to Quash Information, 12/15/15, at unnumbered page 2). The trial court denied the [M]otion the same day, (*see* N.T. Trial, 12/15/15, at 4-6), and [Swanger's] case proceeded to a two-day jury trial. At trial, the Commonwealth presented the following evidence.

Special Agent Brittney J. Baughman [("Special Agent Baughman")], while a member of the child predator section of the Pennsylvania Office of the Attorney General, conducted undercover internet investigations of individuals soliciting minors for sexual purposes and intercepted online child pornography. (*See id.* at 41-42). In conducting her investigation of this case, Special Agent Baughman utilized a police version of Ares, a file sharing program used to share pornographic materials, between its users. (*See id.* at 48). On October 16, 2014, Special Agent Baughman identified internet protocol (IP) address 67.214.7.164, which belonged to [Swanger], as containing twenty-four potential child pornography files, and downloaded five of them by directly connecting to [Swanger's] computer using Ares. (*See id.* at 53, 76). The files contained names associated with young children being raped. (*See id.* at 63-69).

Special Agent Brittany A. Lauck [("Special Agent Lauck"),] of the child predator section of the Office of the Attorney General[,] reviewed the files downloaded by Special Agent Baughman, and prepared the search warrant for [Swanger's] home, which she, fellow members of the child predator section, and computer forensics agents executed on December 23, 2014. (*See id.* at 86-87). Special Agent Lauck seized [Swanger's] laptop, which contained child pornography and the Ares program. (*See id.* at 92-93).

[Swanger] agreed to an audio[-]taped interview at the scene, prior to which he was read his ***Miranda***[2] warnings. (*See id.* at 93-94; *see also* Commonwealth's Exhibit 7-A, Transcript of Police Interview, at 1). During the interview, [Swanger] admitted to

---

[2] ***See Miranda v. Arizona***, 384 U.S. 436 (1966).

downloading the child pornography onto his laptop. (***See*** Commonwealth's Exhibit 7-A, at 19-26).

Special Agent Braden Cook, [a] senior supervisory agent with the Office of the Attorney General, computer forensic unit, conducted the forensic analysis of [Swanger's] computer. (***See*** N.T. Trial, 12/15/15, at 117-18). The analysis revealed that pornographic files were located on the computer hard drive, under the user profile name, "Matthew." (***Id.*** at 127, 129, 146). The files were available for sharing using Ares, and the child pornography downloaded by Special Agent Baughman was from Swanger's laptop. (***See id.*** at 129, 154-55).

At trial, [Swanger] exercised his constitutional right not to testify on his own behalf, and did not present any witnesses. On December 16, 2015, the jury returned a verdict convicting [Swanger].... On March 24, 2016, the trial court sentenced [Swanger] to an aggregate term of not less than twenty-eight nor more than fifty-seven years of incarceration. The court denied [Swanger's] post-sentence [M]otion. [Swanger] timely appealed.

***Commonwealth v. Swanger***, 159 A.3d 59 (Pa. Super. 2016) (unpublished memorandum at 1-4) (footnote added). On direct appeal, this Court affirmed Swanger's judgment of sentence. ***See id.*** (unpublished memorandum at 11). The Pennsylvania Supreme Court denied Swanger allowance of appeal. ***Commonwealth v. Swanger***, 168 A.3d 1237 (Pa. 2017).

On April 10, 2018, Swanger timely filed the Petition for PCRA relief underlying the instant appeal. Following an evidentiary hearing, the PCRA court entered an Order denying Swanger relief. Thereafter, Swanger filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Swanger presents the following claims for our review:

I.      Did [] Swanger's trial counsel provide ineffective assistance because counsel failed to object to the jury instruction charging an offense that was materially different from the offense charged in the Amended Information?

II.     Did [] Swanger's trial counsel provide ineffective assistance because counsel did not make a 10-day post-sentence [M]otion to challenge the discretionary aspects of [] Swanger's sentence?

III.    Did [] Swanger's [appellate] counsel provide ineffective assistance because counsel did not challenge the discretionary aspects of [] Swanger's sentence on direct appeal?

IV.     Did [] Swanger's appellate counsel provide ineffective assistance in violation of the Sixth Amendment because he did not raise any constitutional claims in the direct appeal?

V.      Does [] Swanger's aggregate sentence of 28 to 57 years' imprisonment constitute cruel and unusual punishment[,] in violation of the United States Constitution and Pennsylvania Constitution?

VI.     Is the statute, 18 Pa.C.S.[A.] § 6312, unconstitutional as applied in [] Swanger's case?

Brief for Appellant at 4.

As our Supreme Court has explained,

[u]pon reviewing an order in a PCRA matter, we must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this court applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

*Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Swanger first claims that his trial counsel rendered ineffective assistance by failing to object to the jury instruction because it "was materially different from the offense charged in the Amended Information." Brief for Appellant at 25. Swanger asserts that

> [t]he Amended Information contains five counts of "[s]exual [a]buse of [c]hildren[,]" in violation of 18 Pa.C.S.[A.] § 6312(c)[,] for distribution of child pornography[;] and five counts of "[s]exual [a]buse of [c]hildren[,]" in violation of 18 Pa.C.S.[A.] § 6312(d)[,] for possession of child pornography. The Amended Information properly charged each offense as a third-degree felony[,] because this was [] Swanger's first offense.[FN] 18 Pa.C.S.[A.] § 6312(d.1)(2)(i).
>
> ---
>
> [FN] []Swanger was previously convicted of burglary[,] but this is not considered a prior offense for purposes of grading a [Section] 6312 offense. *See* 42 Pa.C.S.[A.] §§ 9701-9799.9 at Section 9718.2 (sentence for sex offenses).

*Id.* (footnote in original). Swanger asserts that he was convicted of sexual abuse of children under 18 Pa.C.S.A. § 6312(d.1)(3), which is a third-degree felony. *Id.* at 25-26. According to Swanger, the trial court improperly charged the jury on sexual abuse of children, as a second-degree felony, where the Commonwealth never amended the Information, thereby violating his right to due process. *Id.* at 27-28. Swanger argues that his trial counsel rendered ineffective assistance by not objecting to the jury charge; counsel had no rational basis for failing to object to the jury charge; and that but for

counsel's ineffectiveness, he would not have been convicted of a second-degree felony. *See id.* at 29-30.

To be entitled to relief on an ineffectiveness claim, a petitioner must prove that the underlying claim is of arguable merit; counsel's performance lacked a reasonable basis; and counsel's ineffectiveness caused him prejudice. *Commonwealth v. Solano*, 129 A.3d 1156, 1162 (Pa. 2015).

> Prejudice in the context of ineffective assistance of counsel means demonstrating there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. This standard is the same in the PCRA context as when ineffectiveness claims are raised on direct review. Failure to establish any prong of the test will defeat an ineffectiveness claim.

*Id.* at 1162-63 (citations omitted). "A claim has arguable merit where the factual averments, if accurate, could establish cause for relief." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*).

Under the sexual abuse of children statute, possession of child pornography is generally graded as a third-degree felony. *See* 18 Pa.C.S.A. § 6312(d.1)(2)(i). However, the statue also provides as follows:

> When a person commits an offense graded under paragraph (1) or (2)(i)[,] and indecent contact with the child as defined in [18 Pa.C.S.A. §] 3101 (relating to definitions) is depicted, the grading of the offense shall be one grade higher than the grade specified in paragraph (1) or (2)(i).

18 Pa.C.S.A. § 6312(d.1)(3).

At the PCRA hearing, the PCRA court addressed and rejected Swanger's claim as follows:

[T]he offense charged in the Information is exactly what the [c]ourt charged the jury with[,[3]] based on the standard jury instructions[,] which the [c]ourt finds were appropriate.[4]

Based on our current law, the grading in that section is dependent on one additional fact, which doesn't mean it's a new crime. It's a new fact. And that is whether the video depicted indecent contact with a child. And indecent contact is the touching of the sexual or other intimate parts of the children [*sic*] for the purpose of sexual gratification of the viewer.

In this case, [Swanger's trial counsel] testified that the videos … obviously depicted that. It's not like [Swanger] can claim surprise. If he didn't look at them, that was his choice. That is a jury question to determine the grading. The [c]ourt determined the grading based on the jury's verdict. [Swanger] cannot claim surprise that that [*sic*] was not part of the charge, because the grading had to be determined.

Without the jury determining that fact, the [c]ourt would have been unable to determine whether it was a Felony 2 or a Felony 3 for that matter. So there is no merit to the first claim.

---

[3] In the Amended Criminal Information, Swanger was charged with multiple counts of possession of child pornography "depicting child under the age of 18 years of age engaging in a prohibited sexual act or in the simulation of such act …." Amended Criminal Information, 10/30/15. In its charge to the jury, the trial court instructed the jury to determine whether the depicted act involved the touching of the sexual or other intimate parts of the child. N.T. 12/16/15, at 41 (instructing the jury to determine whether they find, beyond a reasonable doubt, "that the prohibited sexual act depicted or simulated was an acting involving any touching of the sexual or intimate parts of the child).

[4] *See Commonwealth v. Kerrigan*, 920 A.2d 190, 198 (Pa. Super. 2007) (stating that where the trial court's instructions track the Pennsylvania Suggested Standard Criminal Jury Instructions, it is presumed such instructions are an accurate statement of the law).

N.T., 12/19/18, at 65-66 (footnotes added). We agree with the PCRA court's determination that there is no arguable merit to Swanger's underlying claim. *See id.* Consequently, Swanger's claim of ineffective assistance of counsel fails on this basis. *See Solano*, 129 A.3d at 1163.

In his second claim, Swanger argues that his trial counsel rendered ineffective assistance by failing to file a post-sentence motion challenging the discretionary aspects of his sentence. Brief for Appellant at 30. Swanger asserts that the trial court abused its discretion by sentencing him to 28 to 57 years in prison. *Id.* at 31. In support, Swanger states that he was convicted of "only five instances of child pornography[,]" and this is his first offense. *Id.* at 32. According to Swanger, the trial court's on-the-record statement of its reasons for the sentence "do not justify this excessive and disproportionate sentence." *Id.* Further, Swanger argues that the trial court erred when it stated that he "can be grateful, probably, that the Commonwealth didn't charge an offense for each child victim." *Id.* Additionally, Swanger contends that the court failed to consider his individual circumstances, and the fact that he has family support. *Id.* Swanger asserts that his trial counsel had no reasonable basis for failing to file a post-sentence motion, and that he suffered prejudice resulting from counsel's failure. *Id.* at 33-34.

Similarly, in his third claim, Swanger argues that his direct appeal counsel rendered ineffective assistance by failing to challenge the discretionary aspects of his sentence during his direct appeal. *Id.* at 34.

Assuming, *arguendo*, that Swanger has presented a substantial question,[5] we conclude that he has failed to demonstrate arguable merit to his underlying claim of an abuse of discretion by the sentencing court. The trial court has discretion within legal limits when sentencing a defendant, and, absent an abuse of that discretion, we will not disturb its sentence. **Commonwealth v. Perry**, 32 A.3d 232, 236 (Pa. 2011). An abuse of discretion occurs where "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Id.** (quoting **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007)). The sentencing judge does not have to give a "lengthy discourse" explaining its reasons for imposing a sentence.[6] **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa. Super. 2010). However, "the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Id.**

As the PCRA court explained in its Opinion,

> The sentence was in the standard range. The standard range gave no room for discretion whatsoever for the [c]ourt.

---

[5] A challenge to the discretionary aspects of sentencing requires the appellant to demonstrate that his claim raises a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **Commonwealth v. Grays**, 167 A.3d 793, 816 (Pa. Super. 2017).

[6] The Sentencing Code provides that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

- 9 -

Based on [Swanger's] record, the standard range was 5 years, period. Not a day less[;] not a day more. The [c]ourt sentenced in every single case in the standard range. The only exception to that is on Count 6, … and that was criminal use of a communication facility. And there, the standard range … was 24 to 36 months. … The [c]ourt did sentence to the upper range of the standard range and gave the maximum.

As far as the consecutive or concurrent [*sic*], that is this court's discretion. The [c]ourt reviewed the presentence investigation report dated March 14, 2016….

*       *       *

Even if trial [c]ounsel would have filed a 10-day post[-]sentencing motion, it would have been denied. … The [c]ourt considered the nature of the offense, [Swanger's] criminal record, and the remaining aspects of the presentence report in fashioning the sentence. And the sentence was in the standard range….

N.T., 12/19/18, at 66-67. The record supports the PCRA court's determination. **See** N.T. (Sentencing), 3/21/16, at 10 (wherein the trial court expressly referenced Swanger's pre-sentence investigation report); **see also Commonwealth v. Seagraves**, 103 A.3d 839, 842 (Pa. Super. 2014) (recognizing that "[w]hen … the trial court has the benefit of a pre-sentence report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors."); **Commonwealth v. Johnson**, 961 A.2d 877, 880 (Pa. Super. 2008) (stating that "[l]ong standing precedent of this Court recognizes that 42 Pa.C.S.[A.] § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed."). As we discern no

arguable merit to Swanger's underlying claim, we cannot grant him relief on his second and third ineffective assistance of counsel claims. ***See Solano***, 129 A.3d at 1163.

In his fourth claim, Swanger argues that his appellate counsel rendered ineffective assistance by not raising any constitutional claims on direct appeal. Brief for Appellant at 36. Swanger baldly asserts that his Sixth, Eighth and Fourteenth Amendment rights under the United States Constitution were violated, "as well as his co-extensive rights under the Pennsylvania Constitution[.]" ***Id.*** at 39. However, Swanger does not explain how his constitutional rights were violated, or where, in the record, these violations took place. "A constitutional claim is not self-proving, and we will not attempt to divine an argument on an [a]ppellant's behalf." ***Commonwealth v. Spotz***, 18 A.3d 244, 282 (Pa. 2011). Thus, we are constrained to conclude that Swanger's ineffectiveness claim is waived for lack of development. ***See id.***

In his fifth claim, Swanger argues that his aggregate sentence of 28 to 57 years in prison constitutes cruel and unusual punishment. Brief for Appellant at 39.[7] We review this claim with the following in mind.

> [T]he guarantee against cruel punishment contained in the Pennsylvania Constitution, Article 1, Section 13, provides no

---

[7] An individual's right to be free from cruel and unusual punishment is a nonwaivable challenge to the legality of the sentence. ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa. Super. 2014).

broader protections against cruel and unusual punishment than those extended under the Eighth Amendment to the United States Constitution. The Eighth Amendment does not require strict proportionality between the crime committed and the sentence imposed; rather, it forbids only extreme sentences that are *grossly disproportionate* to the crime.

In ***Commonwealth v. Spells***, [] 612 A.2d 458, 462, 417 Pa. Super. 233 (1992) (*en banc*), this Court applied the three-prong test for Eighth Amendment proportionality review set forth by the United States Supreme Court in ***Solem v. Helm***, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637[] (1983):

> [A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

***Spells***, 612 A.2d at 462 (quoting ***Solem***, 463 U.S. at 292[]). However, this Court is not obligated to reach the second and third prongs of the ***Spells*** test unless a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.

***Commonwealth v. Lankford***, 164 A.3d 1250, 1252-53 (Pa. Super. 2017) (some citations and quotation marks omitted).

Our review of the record discloses that at the PCRA hearing, Swanger presented no cases regarding the proportionality of the sentence he received, as compared to those received by defendants in Union County, or in Pennsylvania. Thus, Swanger failed to establish at the PCRA hearing that his sentence constitutes cruel and unusual punishment. ***See id.*** Further, we are cognizant of this Court's observation that "[s]exual crimes against children unmistakably continue to pose a significant harm to the physical and

emotional well-being of children. Categorically, they remain 'crimes of great severity.'" ***Commonwealth v. Elia***, 83 A.3d 254, 269 (Pa. Super. 2013) (citation omitted). Because Swanger has failed to establish arguable merit to his underlying claim, we cannot grant him relief. ***See Solano***, 129 A.3d at 1163.

In his sixth claim, Swanger argues that 18 Pa.C.S.A. § 6312 is unconstitutional, as applied to his case. Brief for Appellant at 44. Swanger contends that "the [c]ourt cannot rule out the possibility on the evidence presented at trial that the jury convicted [] Swanger of possessing and distributing computer-generated images of children, not real minors." ***Id.*** at 46. According to Swanger, it cannot be concluded, based upon the jury's verdict and the jury's answer to the question regarding this fact, that the images depicted real children. ***Id.***

Initially, we observe that, to be eligible for relief under the PCRA, a petitioner must plead and prove that the allegation has not been waived. 42 Pa.C.S.A. § 9543(a)(3). An issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." ***Id.*** § 9544(b).

Our review discloses that Swanger challenged the constitutionality of the statute for the first time before the PCRA court. Swanger could have

raised this claim on direct appeal, but failed to do so.[8] Pursuant to Section 9544(b), the issue is waived, and Swanger is not eligible for relief under the PCRA. *See id.* §§ 9543(a)(3), 9544(b).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2019

---

[8] Swanger does not presently claim ineffective assistance of direct appeal counsel for failing to raise this claim.